# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30763

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2014

Lyle W. Cayce
Clerk

DERRICK SCOTT,

Plaintiff-Appellant

v.

MICHAEL THOMAS; UNKNOWN COLLINS, Doctor; UNKNOWN GAZPARD, EMT; JAMES M. LEBLANC,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-299

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Derrick Scott, Louisiana prisoner # 126372, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies in conformity with 42 U.S.C. § 1997e(a). The district court certified that an appeal would not be taken in good faith. By moving this court for leave to proceed IFP, Scott is challenging that certification. *See Baugh v. Taylor,*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30763

117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court. *Jones v. Bock,* 549 U.S. 199, 211 (2007). Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. However, we have interpreted *Jones* to allow a district court to sua sponte dismiss a case for failure to state a claim, predicated on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007).

Scott's complaint demonstrates that he failed to properly exhaust his administrative remedies before filing suit. "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules - rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones,* 549 U.S. at 218 (internal citation and quotation marks omitted). Scott's complaint indicated that he failed to comply with the applicable rules by failing to file a Step 1 Administrative Remedy Program (ARP) request and moving directly to filing a Step 2 request with the Secretary of the Louisiana Department of Public Safety and Corrections. Scott also asserted that, because his claims constituted an emergency, he could move

2

No. 13-30763

directly to filing his request with the Secretary.  Assuming arguendo that his claims qualified as an emergency, Scott failed to properly file an emergency request.  Emergency requests are submitted to the "shift supervisor," who then forwards the request "to the level at which corrective action can be taken."  LA. ADMIN. CODE tit. 22, Pt. I § 325(J)(5).

Scott's appeal is without arguable merit and is thus frivolous.  *See Howard,* 707 F.2d at 220.  Because the appeal is frivolous, it is dismissed.  *See* 5TH CIR. R. 42.2.  The dismissal of Scott's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996).  Scott is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.